# SUPREME COURT.

SMITH WILLIAMS agt. MICHAEL S. NORTON.

*Arrest — cause of, need not be stated in complaint — Interpretation of section 558 of Code of Civil Procedure.*

Under the Code of Civil Procedure as under the old Code, where the cause of arrest is not essential to the cause of action, the former need not be stated in the complaint.

It is only where it appears *affirmatively* from the complaint that the case is not one of those mentioned in sections 549 and 550 that the order of arrest *must* be vacated as prescribed by section 558 (*This is adverse to Bowery National Bank* agt. *Duryea, ante,* 450)

*Special Term, March,* 1878.

MOTION to vacate order of arrest.

*J. C. Lang,* for plaintiff.

*David P. Eustace,* for defendant.

PRATT, *J.* — The defendant herein was arrested upon affidavits, showing that he had been guilty of fraud in contracting the debt sought to be recovered. After the arrest, a complaint in the ordinary form, for goods sold and delivered, was served. The defendant now moves, under section 558 of the new Code, to vacate the order of arrest.

It seems to me a sufficient answer to this application that it does not appear *affirmatively* from the complaint that the case is not one of those mentioned in sections 549 or 550; on the contrary, it does appear that it *may* be one under sub-

division 5, section 550. The defendant claims that the extrinsic matter upon which the order of arrest was granted must be alleged in the complaint in order to bring the case within the last two mentioned sections of the Code, but it is evident that subdivision 2 authorizes an arrest in actions upon contract, under the circumstances stated. The intent of the Code is to establish a system of practice, and the various sections relating to any subject-matter must be read in connection with each other. Section 481, subdivision 2, provides that the complaint must contain a plain and concise statement of the facts constituting each cause of action. Section 545 provides that irrelevant or redundant matter may be stricken out on motion. It follows from these provisions that nothing should be stated in a complaint excepting the facts constituting the cause of action.

In this case the facts authorizing the arrest constitute no part of the cause of action and, therefore, should not be set out in the complaint.

It is no stronger, but may better illustrate the point, to take the case of an action upon a promissory note, where the defendant is about to dispose of, or remove, his property with intent to defraud his creditors. It is clear that this last-mentioned fact would constitute no part of the cause of action. This is rendered more apparent because the cause of arrest might not occur until after the complaint was served, and issue joined. These allegations certainly have no place in the complaint unless an issue can be framed thereon and tried by a jury.

The legal effect of the language of subdivision 2, section 550, is nearly the same as that of subdivisions 4 and 5, of section 179 of the Code of Procedure relating to this subject, the practice under which had become settled by judicial decisions prior to the enactment of the new Code (*see Elwood* agt. *Gardner*, 45 *N. Y., page* 349), and it is not to be presumed that a practice long settled and acted upon is to be overturned, except from language plainly evincing such inten-

tion. It must be assumed, however, that the legislature intended something by enacting section 558.

It seems to me that sections 549 and 550 clearly point out the instances where an order of arrest may be had. Section 558 provides that if it appear affirmatively from the complaint that the case is nòt one of those mentioned in sections 549 and 550 the order of arrest must be vacated. If a complaint allege a cause of action sounding in tort, and an order of arrest has been granted upon affidavits showing, for instance, fraudulent disposition of property under subdivision 2 of section 550, which authorizes an arrest only in actions on contract, it would fall under the operation of section 558, as it would appear affirmatively from the complaint that the case is not one of those mentioned in sections 549 and 550. It is not a case under section 549, because the affidavits show that the order of arrest was issued under subdivision 2 of section 550. It is not a case under section 550, because the complaint shows that it is an action of tort, and subdivision 2 of said last-mentioned section under which the order of arrest was obtained only authorizes an arrest in actions upon contract; and hence it would clearly fall under the operation of section 558.

The affidavits of the defendant do not successfully controvert the facts upon which the order of arrest was granted. It follows, therefore, that the motion must be denied.

NOTE. — The complaint in this case is in the ordinary form for goods sold and delivered. It discloses only a purchase of goods by defendant and a failure on his part to pay for the same. In other words, it shows only the breach of a simple contract on the part of the defendant. For this default the law does not authorize an arrest. Is not this a case which clearly falls under the operation of section 558? Is it possible to state a case where from the complaint alone it would *affirmatively* appear that the case is *not* one of those mentioned in sections 549 and 550? Looking at the complaint in the case mentioned in the opinion where it alleges a cause of action sounding in tort, and an order of arrest has been granted upon affidavits showing fraudulent disposition of property, &c.; on its face, it would show that it *was* one of those mentioned in section 549. The complaint alone (not the affidavits) is to decide what cases are intended by section 558. It

Williams agt. Norton.

is unfortunate that so important a question of practice should be left in doubt by the loose manner in which section 558 is worded. But the legislature certainly intended something by enacting section 558, and in construing the meaning of the words as used in the section the evident intent of the legislature in amending it as it originally stood in the Code of Remedial Justice should be considered, and where the amendment is so fully in accordance with the principles of natural justice as to commend itself to the minds of all, such a construction should be given to it as would carry out the legislative intent.—[ED.